1 | THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
2 | *A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
3 | San Rafael, CA 94903
Telephone: 415/674-8600
4 | Facsimile: 415/674-9900

5 | Attorneys for Plaintiffs
CRAIG YATES
6 | and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
7 | SERVICES: HELPING YOU
HELP OTHERS

8

9

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

**CV 09 2290**

CRAIG YATES, an individual; and
12 | DISABILITY RIGHTS, ENFORCEMENT, )
EDUCATION, SERVICES:HELPING YOU )
13 | HELP OTHERS, a California public benefit )
corporation, )

**CASE NO.**
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

14 | )
Plaintiffs, )
15 | )
v. )
16 | )
YONG KEE COMPANY, INC., a )
17 | California corporation, a.k.a. MIYOSHI )
SUSHI & GRILL, )
18 | )
Defendants. )
19 | _____ )

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

25 | **DEMAND FOR JURY**

ORIGINAL

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,
2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendants YONG
4  KEE COMPANY, INC., a California corporation, a.k.a. MIYOSHI SUSHI & GRILL and allege
5  as follows:

6  **INTRODUCTION:**

7    1.    This is a civil rights action for discrimination against persons with physical
8  disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are
9  members, for failure to remove architectural barriers structural in nature at defendants'
10  MIYOSHI SUSHI & GRILL, a place of public accommodation, thereby discriminatorily denying
11  plaintiffs and the class of other similarly situated persons with physical disabilities access to, the
12  full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,
13  services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to
14  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code
15  §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16    2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
17  February 9, 2009, March 7, 2009, March 27, 2009 and April 10, 2009, was an invitee, guest,
18  patron, customer at defendants' MIYOSHI SUSHI & GRILL, in the City of San Francisco,
19  California.  At said time and place, defendants failed to provide proper legal access to the Sushi
20  Restaurant, which is a "public accommodation" and/or a "public facility" including, but not
21  limited to entrance, path of travel, men's restroom and women's restroom.  The denial of access
22  was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES
23  suffered violation of his civil rights to full and equal access, and was embarrassed and
24  humiliated.

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    10.    At all times relevant to this complaint, defendants YONG KEE COMPANY

2  INC., a California corporation, a.k.a. MIYOSHI SUSHI & GRILL are jointly and severally

3  responsible to identify and remove architectural barriers at the subject MIYOSHI SUSHI &

4  GRILL pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in

5  pertinent part:

6              **§ 36.201     General**

7                   (b) *Landlord and tenant responsibilities.* Both the landlord
                  who owns the building that houses a place of public
8              accommodation and the tenant who owns or operates the place of
                public accommodation are public accommodations subject to the
9              requirements of this part. As between the parties, allocation of
                responsibility for complying with the obligations of this part may
10             be determined by lease or other contract.

11             28 CFR §36.201(b)

12 **PRELIMINARY FACTUAL ALLEGATIONS:**

13   11.    The MIYOSHI SUSHI & GRILL, is a restaurant, located at/near 914 Clement

14 Street, San Francisco, California. The MIYOSHI SUSHI & GRILL, its entrance, path of travel,

15 men's restroom, women's restroom, and its other facilities are each a "place of public

16 accommodation or facility" subject to the barrier removal requirements of the Americans with

17 Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone

18 "alterations, structural repairs and additions", each of which has subjected the MIYOSHI SUSHI

19 & GRILL and each of its facilities, its entrance, path of travel, men's restroom and women's

20 restroom to disability access requirements per the Americans with Disabilities Act Accessibility

21 Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

22   12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

23   13.    At all times referred to herein and continuing to the present time, defendants, and

24 each of them, advertised, publicized and held out the MIYOSHI SUSHI & GRILL as being

25 handicapped accessible and handicapped usable.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1        14.     On or about February 9, 2009, March 7, 2009, March 27, 2009 and April 10,

2 2009, plaintiff CRAIG YATES was an invitee and guest at the subject MIYOSHI SUSHI &

3 GRILL, for purposes of having food and beverages.

4        15.     On or about February 9, 2009, plaintiff CRAIG YATES attempted to use the main

5 entry door to the restaurant. Plaintiff CRAIG YATES stressed and struggled to gain entrance.

6 There was no strike side clearance and there is a slope.

7        16.     At said time and place, plaintiff CRAIG YATES needed to use a restroom.

8 Plaintiff CRAIG YATES approached the men's restroom but could not reach it because the

9 pathway was cluttered with boxes, bags and other items.

10        17.     At said time and place, plaintiff CRAIG YATES proceeded to the women's

11 restroom but could not gain entrance due to a narrow door.

12        18.     On or about February 27, 2009, plaintiff CRAIG YATES wrote both the landlord

13 and the tenant about the access issues. Plaintiff CRAIG YATES did not receive a response.

14        19.     On or about March 7, 2009, plaintiff CRAIG YATES returned to MIYOSHI

15 SUSHI & GRILL. Once again, plaintiff CRAIG YATES struggled to gain entrance.

16        20.     At said time and place, plaintiff CRAIG YATES needed to use a restroom.

17 Plaintiff CRAIG YATES proceeded toward the men's restroom and then the women's restroom.

18 Plaintiff CRAIG YATES could see that neither was accessible.

19        21.     On or about March 27, 2009, plaintiff CRAIG YATES once again patronized

20 MIYOSHI SUSHI & GRILL. An employee for MIYOSHI SUSHI & GRILL saw plaintiff

21 CRAIG YATES and opened the door for him. Plaintiff CRAIG YATES saw that there was still

22 no means by which he could access the restrooms.

23        22.     On or about April 10, 2009, plaintiff CRAIG YATES returned to MIYOSHI

24 SUSHI & GRILL. Plaintiff CRAIG YATES encountered the same barriers as on all prior

25 occasions as stated herein. This was still the case even though someone opened the entry door

26 for plaintiff CRAIG YATES.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    23.    Therefore, at said time and place, plaintiff CRAIG YATES, a person with a

2  disability, encountered the following inaccessible elements of the subject MIYOSHI SUSHI &

3  GRILL which constituted architectural barriers and a denial of the proper and legally-required

4  access to a public accommodation to persons with physical disabilities including, but not limited

5  to:

6        a.    lack of directional signage to show accessible routes of travel, i.e.
              entrances;
7
        b.    lack of an accessible entrance due to slope and narrow entry doors;
8
        c.    lack of a handicapped-accessible women's public restroom;
9
        d.    lack of a handicapped-accessible men's public restroom; and
10
        e.    On personal knowledge, information and belief, other public facilities and
11            elements too numerous to list were improperly inaccessible for use by
              persons with physical disabilities.
12
      24.    At all times stated herein, the existence of architectural barriers at defendants'
13
  place of public accommodation evidenced "actual notice" of defendants' intent not to comply
14
  with the Americans with Disabilities Act of 1990 either then, now or in the future.
15
      25.    On or about February 27, 2009, defendant(s) were sent two (2) letters by or on
16
  behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a
17
  response within 14 days and requesting remedial measures be undertaken within 90 days or an
18
  explanation of why the time limit set could not be met and/or extenuating circumstances. Said
19
  letters are attached hereto collectively as exhibit "A" and incorporated by reference as though
20
  fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in
21
  an early and reasonable resolution of the matter.
22
      26.    At all times stated herein, defendants, and each of them, did not act as reasonable
23
  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
24
  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
25
  receiving the same goods and services as able bodied people and some of which may and did pose
26
  a threat of harm and/or personal injury to people with disabilities.
27
  ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS
8

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                                                          **2290**
   CRAIG YATES, an individual; and          ) CV 09
12 DISABILITY RIGHTS, ENFORCEMENT,          ) **CASE NO.**
   EDUCATION, SERVICES:HELPING YOU)           **Civil Rights**
13 HELP OTHERS, a California public benefit )
   corporation,                             ) **COMPLAINT FOR INJUNCTIVE RELIEF**
14                                          ) **AND DAMAGES:**
          Plaintiffs,                       )
15                                          ) **1st CAUSE OF ACTION:** For Denial of Access
   v.                                       ) by a Public Accommodation in Violation of the
16                                          ) Americans with Disabilities Act of 1990 (42
   YONG KEE COMPANY, INC., a                ) U.S.C. §12101, *et seq.*)
17 California corporation, a.k.a. MIYOSHI    )
   SUSHI & GRILL,                           ) **2nd CAUSE OF ACTION:** For Denial of Full
18                                          ) and Equal Access in Violation of California
          Defendants.                       ) Civil Code §§54, 54.1 and 54.3
19 _____         )
                                              **3rd CAUSE OF ACTION:** For Denial of
20                                            Accessible Sanitary Facilities in Violation of
                                              California Health & Safety Code §19955, *et seq.*
21
                                              **4th CAUSE OF ACTION:** For Denial of
22                                            Access to Full and Equal Accommodations,
                                              Advantages, Facilities, Privileges and/or
23                                            Services in Violation of California Civil Code
                                              §51, *et seq.* (The Unruh Civil Rights Act)
24

25
                                              **DEMAND FOR JURY**
26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendants YONG KEE COMPANY, INC., a California corporation, a.k.a. MIYOSHI SUSHI & GRILL and allege as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' MIYOSHI SUSHI & GRILL, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2. Plaintiff CRAIG YATES is a person with physical disabilities who, on or about February 9, 2009, March 7, 2009, March 27, 2009 and April 10, 2009, was an invitee, guest, patron, customer at defendants' MIYOSHI SUSHI & GRILL, in the City of San Francisco, California. At said time and place, defendants failed to provide proper legal access to the Sushi Restaurant, which is a "public accommodation" and/or a "public facility" including, but not limited to entrance, path of travel, men's restroom and women's restroom. The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1  **JURISDICTION AND VENUE:**

2   3.  **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.
3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6  California law, whose goals are closely tied with the ADA, including but not limited to violations
7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8  *seq.*, including §19959; Title 24 California Building Standards Code.

9   4.  **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10  founded on the facts that the real property which is the subject of this action is located at/near
11  914 Clement Street, in the City and County of San Francisco, State of California, and that
12  plaintiffs' causes of action arose in this county.

13  **PARTIES:**

14   5.  Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16  disabled", "physically handicapped" and "person with physical disabilities" are used
17  interchangeably, as these words have similar or identical common usage and legal meaning, but
18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22  and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24  portion of the public whose rights are protected by the provisions of Health & Safety Code
25  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28  §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

2 HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

3 with persons with disabilities to empower them to be independent in American society. DREES

4 accomplishes its goals and purposes through education on disability issues, enforcement of the

5 rights of persons with disabilities, and the provision of services to persons with disabilities, the

6 general public, public agencies and the private business sector. DREES brings this action on

7 behalf of its members, many of whom are persons with physical disabilities and whom have

8 standing in their right to bring this action.

9    7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests

10 and invitees at the subject MIYOSHI SUSHI & GRILL, and that the interests of plaintiff DREES

11 in removing architectural barriers at the subject Sushi Restaurant advance the purposes of

12 DREES to assure that all public accommodations, including the subject Sushi Restaurant, are

13 accessible to independent use by mobility-impaired persons. The relief sought by plaintiff

14 DREES as alleged herein is purely statutory in nature.

15    8.    Defendants YONG KEE COMPANY, INC., a California corporation, a.k.a.

16 MIYOSHI SUSHI & GRILL (hereinafter alternatively collectively referred to as "defendants")

17 are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or

18 lessees, of the public accommodation known as MIYOSHI SUSHI & GRILL, located at/near 914

19 Clement Street, San Francisco, California, or of the building and/or buildings which constitute

20 said public accommodation.

21    9.    At all times relevant to this complaint, defendants YONG KEE COMPANY,

22 INC., a California corporation, a.k.a. MIYOSHI SUSHI & GRILL, own and operate in joint

23 venture the subject MIYOSHI SUSHI & GRILL as a public accommodation. This business is

24 open to the general public and conducts business therein. The business is a "public

25 accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

26 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §1210, *et*

27 *seq.*

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1   10.   At all times relevant to this complaint, defendants YONG KEE COMPANY,

2   INC., a California corporation, a.k.a. MIYOSHI SUSHI & GRILL are jointly and severally

3   responsible to identify and remove architectural barriers at the subject MIYOSHI SUSHI &

4   GRILL pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in

5   pertinent part:

6           § 36.201      General

7               (b) *Landlord and tenant responsibilities.* Both the landlord
                who owns the building that houses a place of public
8               accommodation and the tenant who owns or operates the place of
                public accommodation are public accommodations subject to the
9               requirements of this part. As between the parties, allocation of
                responsibility for complying with the obligations of this part may
10              be determined by lease or other contract.

11              28 CFR §36.201(b)

12  **PRELIMINARY FACTUAL ALLEGATIONS:**

13      11.   The MIYOSHI SUSHI & GRILL, is a restaurant, located at/near 914 Clement

14  Street, San Francisco, California. The MIYOSHI SUSHI & GRILL, its entrance, path of travel,

15  men's restroom, women's restroom, and its other facilities are each a "place of public

16  accommodation or facility" subject to the barrier removal requirements of the Americans with

17  Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone

18  "alterations, structural repairs and additions", each of which has subjected the MIYOSHI SUSHI

19  & GRILL and each of its facilities, its entrance, path of travel, men's restroom and women's

20  restroom to disability access requirements per the Americans with Disabilities Act Accessibility

21  Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

22      12.   At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

23      13.   At all times referred to herein and continuing to the present time, defendants, and

24  each of them, advertised, publicized and held out the MIYOSHI SUSHI & GRILL as being

25  handicapped accessible and handicapped usable.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    14.    On or about February 9, 2009, March 7, 2009, March 27, 2009 and April 10,
2 2009, plaintiff CRAIG YATES was an invitee and guest at the subject MIYOSHI SUSHI &
3 GRILL, for purposes of having food and beverages.

4    15.    On or about February 9, 2009, plaintiff CRAIG YATES attempted to use the main
5 entry door to the restaurant. Plaintiff CRAIG YATES stressed and struggled to gain entrance.
6 There was no strike side clearance and there is a slope.

7    16.    At said time and place, plaintiff CRAIG YATES needed to use a restroom.
8 Plaintiff CRAIG YATES approached the men's restroom but could not reach it because the
9 pathway was cluttered with boxes, bags and other items.

10    17.    At said time and place, plaintiff CRAIG YATES proceeded to the women's
11 restroom but could not gain entrance due to a narrow door.

12    18.    On or about February 27, 2009, plaintiff CRAIG YATES wrote both the landlord
13 and the tenant about the access issues. Plaintiff CRAIG YATES did not receive a response.

14    19.    On or about March 7, 2009, plaintiff CRAIG YATES returned to MIYOSHI
15 SUSHI & GRILL. Once again, plaintiff CRAIG YATES struggled to gain entrance.

16    20.    At said time and place, plaintiff CRAIG YATES needed to use a restroom.
17 Plaintiff CRAIG YATES proceeded toward the men's restroom and then the women's restroom.
18 Plaintiff CRAIG YATES could see that neither was accessible.

19    21.    On or about March 27, 2009, plaintiff CRAIG YATES once again patronized
20 MIYOSHI SUSHI & GRILL. An employee for MIYOSHI SUSHI & GRILL saw plaintiff
21 CRAIG YATES and opened the door for him. Plaintiff CRAIG YATES saw that there was still
22 no means by which he could access the restrooms.

23    22.    On or about April 10, 2009, plaintiff CRAIG YATES returned to MIYOSHI
24 SUSHI & GRILL. Plaintiff CRAIG YATES encountered the same barriers as on all prior
25 occasions as stated herein. This was still the case even though someone opened the entry door
26 for plaintiff CRAIG YATES.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    23.    Therefore, at said time and place, plaintiff CRAIG YATES, a person with a

2  disability, encountered the following inaccessible elements of the subject MIYOSHI SUSHI &

3  GRILL which constituted architectural barriers and a denial of the proper and legally-required

4  access to a public accommodation to persons with physical disabilities including, but not limited

5  to:

6          a.    lack of directional signage to show accessible routes of travel, i.e.
                entrances;

7
          b.    lack of an accessible entrance due to slope and narrow entry doors;
8
          c.    lack of a handicapped-accessible women's public restroom;
9
          d.    lack of a handicapped-accessible men's public restroom; and
10
          e.    On personal knowledge, information and belief, other public facilities and
11              elements too numerous to list were improperly inaccessible for use by
                persons with physical disabilities.
12
     24.    At all times stated herein, the existence of architectural barriers at defendants'
13
  place of public accommodation evidenced "actual notice" of defendants' intent not to comply
14
  with the Americans with Disabilities Act of 1990 either then, now or in the future.
15
     25.    On or about February 27, 2009, defendant(s) were sent two (2) letters by or on
16
  behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a
17
  response within 14 days and requesting remedial measures be undertaken within 90 days or an
18
  explanation of why the time limit set could not be met and/or extenuating circumstances. Said
19
  letters are attached hereto collectively as exhibit "A" and incorporated by reference as though
20
  fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in
21
  an early and reasonable resolution of the matter.
22
     26.    At all times stated herein, defendants, and each of them, did not act as reasonable
23
  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
24
  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
25
  receiving the same goods and services as able bodied people and some of which may and did pose
26
  a threat of harm and/or personal injury to people with disabilities.
27
  ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by
2  plaintiff, plaintiff suffered bodily injury.

3      27.    As a legal result of defendants YONG KEE COMPANY, INC., a California
4  corporation, a.k.a. MIYOSHI SUSHI & GRILL's failure to act as a reasonable and prudent public
5  accommodation in identifying, removing or creating architectural barriers, policies, practices and
6  procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered
7  the damages as alleged herein.

8      28.    As a further legal result of the actions and failure to act of defendants, and as a
9  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
10 herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff
11 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
12 disabilities to full and equal access to public facilities, and further suffered bodily injury on or
13 about February 7, 2009 and March 7, 2009, including, but not limited to, fatigue, stress, strain and
14 pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through
15 architectural barriers. Specifically, as a legal result of defendants negligence in the design,
16 construction and maintenance of the existing entry doors and steep slope, plaintiff suffered
17 continuous, repetitive and cumulative trauma to his upper extremities while attempting to enter
18 the subject restaurant.

19     29.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
20 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
21 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
22 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
23 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
24 distress over and above that usually associated with the discrimination and physical injuries
25 claimed, and no expert testimony regarding this usual mental and emotional distress will be
26 presented at trial in support of the claim for damages.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1       30.    Defendants', and each of their, failure to remove the architectural barriers

2 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

3 accommodation, and continues to create continuous and repeated exposure to substantially the

4 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

5       31.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights

6 to equal access to a public facility by defendants YONG KEE COMPANY, INC., a California

7 corporation, a.k.a. MIYOSHI SUSHI & GRILL, because defendants YONG KEE COMPANY,

8 INC., a California corporation, a.k.a. MIYOSHI SUSHI & GRILL maintained a sushi bar without

9 access for persons with physical disabilities to its facilities, including but not limited to the

10 entrance, path of travel, men's restroom, women's restroom, and other public areas as stated

11 herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other

12 persons with physical disabilities in these and other ways.

13       32.    On information and belief, construction alterations carried out by defendants have

14 also triggered access requirements under both California law and the Americans with Disabilities

15 Act of 1990.

16       33.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the MIYOSHI

17 SUSHI & GRILL to be made accessible to meet the requirements of both California law and the

18 Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants

19 operate the sushi bar as a public facility.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1    34.    Plaintiffs seek damages for violation of their civil rights on February 9, 2009,
2  March 7, 2009, March 27, 2009 and April 10, 2009, and they seek statutory damages of not less
3  than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3,
4  for each day after his visit that the trier of fact (court/jury) determines was the date that some or
5  all remedial work should have been completed under the standard that the landlord and tenant had
6  an ongoing duty to identify and remove architectural barriers where it was readily achievable to do
7  so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation
8  because of his knowledge and/or belief that neither some or all architectural barriers had been
9  removed and that said premises remains inaccessible to persons with disabilities whether a
10  wheelchair user or otherwise.

11    35.    On information and belief, defendants have been negligent in their affirmative duty
12  to identify the architectural barriers complained of herein and negligent in the removal of some or
13  all of said barriers.

14    36.    Because of defendants' violations, plaintiffs and other persons with physical
15  disabilities are unable to use public facilities such as those owned and operated by defendants on a
16  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
17  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
18  other accessibility law as plead herein. Plaintiffs seek an order from this court compelling
19  defendants to make the MIYOSHI SUSHI & GRILL accessible to persons with disabilities.

20    37.    On information and belief, defendants have intentionally undertaken to modify and
21  alter existing building(s), and have failed to make them comply with accessibility requirements
22  under the requirements of ADAAG and Title 24.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1    The acts and omission of defendants, and each of them, in failing to provide the required
2 accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied
3 malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with
4 a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated
5 persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to
6 make a more profound example of defendants, and each of them, to other operators and landlords
7 of other sushi bars, sushi grills sushi restaurants and other public facilities, and to punish
8 defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

9        38.     Plaintiffs are informed and believe and therefore allege that defendants YONG
10 KEE COMPANY, INC., a California corporation, a.k.a. MIYOSHI SUSHI & GRILL, and each of
11 them, caused the subject building(s) which constitute the MIYOSHI SUSHI & GRILL to be
12 constructed, altered and maintained in such a manner that persons with physical disabilities were
13 denied full and equal access to, within and throughout said building(s) of the restaurant and were
14 denied full and equal use of said public facilities. Furthermore, on information and belief,
15 defendants have continued to maintain and operate said grill and/or its building(s) in such
16 conditions up to the present time, despite actual and constructive notice to such defendants that
17 the configuration of the sushi restaurant and/or its building(s) is in violation of the civil rights of
18 persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff
19 DREES and the disability community which DREES serves. Such construction, modification,
20 ownership, operation, maintenance and practices of such public facilities are in violation of Civil
21 Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    39.    On personal knowledge, information and belief, the basis of defendants' actual and
2 constructive notice that the physical configuration of the facilities including, but not limited to,
3 architectural barriers constituting the MIYOSHI SUSHI & GRILL and/or building(s) was in
4 violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is
5 not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
6 owners of other restaurants, sushi grills, bars, hotels, motels and businesses, notices they obtained
7 from governmental agencies upon modification, improvement, or substantial repair of the subject
8 premises and other properties owned by these defendants, newspaper articles and trade
9 publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
10 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
11 other similar information. Defendants' failure, under state and federal law, to make the
12 MIYOSHI SUSHI & GRILL accessible is further evidence of defendants' conscious disregard for
13 the rights of plaintiff and other similarly situated persons with disabilities. Despite being
14 informed of such effect on plaintiff and other persons with physical disabilities due to the lack of
15 accessible facilities, defendants, and each of them, knowingly and willfully refused to take any
16 steps to rectify the situation and to provide full and equal access for plaintiffs and other persons
17 with physical disabilities to the MIYOSHI SUSHI & GRILL. Said defendants, and each of them,
18 have continued such practices, in conscious disregard for the rights of plaintiffs and other persons
19 with physical disabilities, up to the date of filing of this complaint, and continuing thereon.
20 Defendants had further actual knowledge of the architectural barriers referred to herein by virtue
21 of the demand letter addressed to the defendants and served concurrently with the summons and
22 complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other
23 persons with physical disabilities, constitutes despicable conduct in conscious disregard of the
24 rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of
25 treble damages per Civil Code §§52 and 54.3.
26 ///
27 ///
28 ///

1    40.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

2  the disability community which it serves, consisting of persons with disabilities, would, could and

3  will return to the subject public accommodation when it is made accessible to persons with

4  disabilities.

5  I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
        ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

6      **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

7      EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
       corporation and Against Defendants YONG KEE COMPANY, INC., a California

8      corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive)
       (42 U.S.C. §12101, *et seq.*)

9

10   41.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

   allegations contained in paragraphs 1 through 40 of this complaint.
11

12   42.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

   §12101 regarding persons with physical disabilities, finding that laws were needed to more fully
13

   protect:
14

15         some 43 million Americans with one or more physical or mental
           disabilities; [that] historically society has tended to isolate and

16         segregate individuals with disabilities; [that] such forms of
           discrimination against individuals with disabilities continue to be a

17         serious and pervasive social problem; [that] the nation's proper
           goals regarding individuals with disabilities are to assure equality of

18         opportunity, full participation, independent living and economic
           self-sufficiency for such individuals; [and that] the continuing

19         existence of unfair and unnecessary discrimination and prejudice
           denies people with disabilities the opportunity to compete on an

20         equal basis and to pursue those opportunities for which our free
           society is justifiably famous.

21   43.    Congress stated as its purpose in passing the Americans with Disabilities Act of

22  1990 (42 U.S.C. §12102):

23         It is the purpose of this act (1) to provide a clear and comprehensive
           national mandate for the elimination of discrimination against

24         individuals with disabilities; (2) to provide clear, strong, consistent,
           enforceable standards addressing discrimination against individuals

25         with disabilities; (3) to ensure that the Federal government plays a
           central role in enforcing the standards established in this act on

26         behalf of individuals with disabilities; and (4) to invoke the sweep
           of Congressional authority, including the power to enforce the 14th

27         Amendment and to regulate commerce, in order to address the
           major areas of discrimination faced day to day by people with

28         disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    44.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4  accommodations identified for purposes of this title was:

5              (7)    PUBLIC ACCOMMODATION - The following private
               entities are considered public accommodations for purposes of this
6              title, if the operations of such entities affect commerce -

7                                          ---

8              (B) a restaurant, bar or other establishment serving food or drink.

9          42 U.S.C. §12181(7)(B)

10    45.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

11  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

12  privileges, advantages, or accommodations of any place of public accommodation by any person

13  who owns, leases, or leases to, or operates a place of public accommodation".

14    46.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

15  42 U.S.C. §12182(b)(2)(a) are:

16              (I)    the imposition or application of eligibility criteria
               that screen out or tend to screen out an individual with a disability
17             or any class of individuals with disabilities from fully and equally
               enjoying any goods, services, facilities, privileges, advantages, or
18             accommodations, unless such criteria can be shown to be necessary
               for the provision of the goods, services, facilities, privileges,
19             advantages, or accommodations being offered;

20             (ii)    a failure to make reasonable modifications in
               policies, practices, or procedures, when such modifications are
21             necessary to afford such goods, services, facilities, privileges,
               advantages or accommodations to individuals with disabilities,
22             unless the entity can demonstrate that making such modifications
               would fundamentally alter the nature of such goods, services,
23             facilities, privileges, advantages, or accommodations;

24             (iii)    a failure to take such steps as may be necessary to
               ensure that no individual with a disability is excluded, denied
25             services, segregated or otherwise treated differently than other
               individuals because of the absence of auxiliary aids and services,
26             unless the entity can demonstrate that taking such steps would
               fundamentally alter the nature of the good, service, facility,
27             privilege, advantage, or accommodation being offered or would
               result in an undue burden;

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1            (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing

2           facilities . . . where such removal is readily achievable; and

3            (v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to

4           make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such

5           methods are readily achievable.

6  The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

7  Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8  January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9  §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10      47.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

11  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of MIYOSHI

12  SUSHI & GRILL pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if

13  the removal of all the barriers complained of herein together was not "readily achievable," the

14  removal of each individual barrier complained of herein was "readily achievable." On

15  information and belief, defendants' failure to remove said barriers was likewise due to

16  discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17  (b)(2)(A)(i)and (ii).

18      48.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19  accomplishable and able to be carried out without much difficulty or expense." The statute

20  defines relative "expense" in part in relation to the total financial resources of the entities

21  involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

22  plaintiffs complain of herein were and are "readily achievable" by the defendants under the

23  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25  make the required services available through alternative methods which were readily achievable.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

49. On information and belief, construction work on, and modifications of, the subject building(s) of MIYOSHI SUSHI & GRILL occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

50. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

51. 42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about April 10, 2009, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

52. Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

///

1      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2 **II.**     **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

3      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

4      corporation, and Against Defendants YONG KEE COMPANY, INC., a California corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive)

5      (California Civil Code §§54, 54.1, 54.3, *et seq.)*

6      53.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

7 allegations contained in paragraphs 1 through 52 of this complaint.

8      54.     At all times relevant to this action, California Civil Code §54 has provided that

9 persons with physical disabilities are not to be discriminated against because of physical handicap

10 or disability. This section provides that:

11               (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways,

12               sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

13      55.     California Civil Code §54.1 provides that persons with disabilities shall not be

14 denied full and equal access to places of public accommodation or facilities:

15

16               (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including

17               hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains,

18               motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised,

19               licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of

20               public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions

21               and limitations established by law, or state or federal regulation, and applicable alike to all persons.

22               Civil Code §54.1(a)(1)

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      56.    California Civil Code §54.1 further provides that a violation of the Americans with

2  Disabilities Act of 1990 constitutes a violation of section 54.1:

3                    (d) A violation of the right of an individual under the
                   Americans with Disabilities Act of 1990 (Public Law 101-336) also
4                  constitutes a violation of this section, and nothing in this section
                   shall be construed to limit the access of any person in violation of
5                  that act.

6            Civil Code §54.1(d)

7      57.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

8  within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

9  the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific

10  architectural barrier which defendants knowingly and willfully fail and refuse to remove

11  constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and

12  continue to be denied full and equal access to defendants' MIYOSHI SUSHI & GRILL. As a

13  legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in

14  accordance with California Civil Code §54.3(a) for each day on which they visited or have been

15  deterred from visiting the MIYOSHI SUSHI & GRILL because of their knowledge and belief that

16  the MIYOSHI SUSHI & GRILL is inaccessible to persons with disabilities. California Civil Code

17  §54.3(a) provides:

18                  Any person or persons, firm or corporation, who denies or interferes
                   with admittance to or enjoyment of the public facilities as specified
19                  in Sections 54 and 54.1 or otherwise interferes with the rights of an
                   individual with a disability under Sections 54, 54.1 and 54.2 is
20                  liable for each offense for the actual damages and any amount as
                   may be determined by a jury, or the court sitting without a jury, up
21                  to a maximum of three times the amount of actual damages but in
                   no case less than . . .one thousand dollars ($1,000) and . . .
22                  attorney's fees as may be determined by the court in addition
                   thereto, suffered by any person denied any of the rights provided in
23                  Sections 54, 54.1 and 54.2.

24            Civil Code §54.3(a)

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    58.    On or about February 9, 2009, March 7, 2009, March 27, 2009 and April 10, 2009,
2 plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG
3 YATES was denied access to entrance, path of travel, men's restroom, women's restroom and
4 other public facilities as stated herein at the MIYOSHI SUSHI & GRILL and on the basis that
5 plaintiff CRAIG YATES was a person with physical disabilities.

6    59.    As a result of the denial of equal access to defendants' facilities due to the acts and
7 omissions of defendants, and each of them, in owning, operating and maintaining these subject
8 public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to
9 rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
10 discomfort, bodily injury on or about February 9, 2009 and March 7, 2009, including, but not
11 limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on,
12 down, to, over, around and through architectural barriers. Specifically, as a legal result of
13 defendants negligence in the design, construction and maintenance of the existing narrow double
14 doors and non-complying entry slope, plaintiff CRAIG YATES suffered continuous, repetitive
15 and cumulative trauma to his upper extremities while attempting to enter said restaurant.

16    60.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
17 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
18 and worry, all of which are expectedly and naturally associated with a denial of access to a person
19 with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
20 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are
21 persons or an entity that represents persons with physical disabilities and unable, because of the
22 architectural barriers created and maintained by the defendants in violation of the subject laws, to
23 use the public facilities hereinabove described on a full and equal basis as other persons.

24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1    61.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
2  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs'
3  rights as persons or an entity that represents persons with physical disabilities on or about
4  February 9, 2009, March 7, 2009, March 27, 2009 and April 10, 2009, and on a continuing basis
5  since then, including statutory damages, a trebling of all of actual damages, general and special
6  damages available pursuant to §54.3 of the Civil Code according to proof.

7    62.    As a result of defendants', and each of their, acts and omissions in this regard,
8  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
9  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
10  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
11  the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all
12  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
13  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also
14  to compel the defendants to make their facilities accessible to all members of the public with
15  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
16  the provisions of §1021.5 of the Code of Civil Procedure.

17        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

18  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
19       (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
20       corporation and Against Defendants YONG KEE COMPANY, INC., a California
         corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive)
21       (Health & Safety Code §19955, *et seq.*)

22    63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
23  allegations contained in paragraphs 1 through 62 of this complaint.

24  ///

25  ///

26  ///

27  ///

28  ///

64.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

65.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the MIYOSHI SUSHI & GRILL and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the MIYOSHI SUSHI & GRILL and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said Sushi Grill and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

66.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of MIYOSHI SUSHI & GRILL and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1  On information and belief, at the time of the construction and modification of said building, all
2  buildings and facilities covered were required to conform to each of the standards and
3  specifications described in the American Standards Association Specifications and/or those
4  contained in Title 24 of the California Building Standards Code.

5          67.    Sushi Grills such as the MIYOSHI SUSHI & GRILL are "public accommodations
6  or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

7          68.    As a result of the actions and failure to act of defendants, and as a result of the
8  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
9  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'
10 civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
11 public facilities.

12         69.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
13 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
14 plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
15 physical disabilities and prohibiting discrimination against the persons with physical disabilities,
16 and to take such action both in plaintiffs' own interests and in order to enforce an important right
17 affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
18 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
19 §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953
20 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and
21 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(b)).
22 Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

23         70.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of
24 them, to make the subject place of public accommodation readily accessible to and usable by
25 persons with disabilities.

26 ///
27 ///
28 ///

1    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2  **IV.**  **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**
**EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
3    **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET***
***SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
5    corporation, and Against Defendants YONG KEE COMPANY, INC., a California
corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive)
6    (Civil Code §51, 51.5)

7    71.  Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

8  allegations contained in paragraphs 1 through 70 of this complaint.

9    72.  Defendants' actions and omissions and failure to act as a reasonable and prudent

10  public accommodation in identifying, removing and/or creating architectural barriers, policies,

11  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

12  Unruh Act provides:

13    This section shall be known, and may be cited, as the Unruh
Civil Rights Act.
14

15    All persons within the jurisdiction of this state are free and
equal, and no matter what their sex, race, color, religion, ancestry,
national origin, or **disability** are entitled to the full and equal
16    accommodations, advantages, facilities, privileges, or services in all
business establishments of every kind whatsoever.
17

18    This section shall not be construed to confer any right or
privilege on a person that is conditioned or limited by law or that is
applicable alike to persons of every sex, color, race, religion,
19    ancestry, national origin, or **disability.**

20    Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
21    modification of any sort whatsoever, beyond that construction,
alteration, repair, or modification that is otherwise required by other
22    provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
23    in this section be construed to augment, restrict, or alter in any way
the authority of the State Architect to require construction,
24    alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other . . . laws.
25

26    A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) shall
also constitute a violation of this section.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1 | As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2 | "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

3 | failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4 | failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5 | defendants, and each of them.

6 |      73.    The acts and omissions of defendants stated herein are discriminatory in nature and

7 | in violation of Civil Code §51.5:

8 |                 No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
9 | or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
10 | the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
11 | suppliers, or customers.

12 |                 As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
13 | limited liability company, or company.

14 |                 Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
15 | modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
16 | provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
17 | in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
18 | alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.

19 |

20 |      74.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal

accommodations, advantages, facilities, privileges and services in a business establishment, on the
21 |
basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
22 |
Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
23 |
right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
24 |
shall also constitute a violation of this section." Plaintiffs accordingly incorporate the entirety of
25 |
their above cause of action for violation of the Americans with Disabilities Act at §41, *et seq*., as
26 |
if repled herein.
27 |
/// 

28 |

1    75.    As a legal result of the violation of plaintiff CRAIG YATES's civil rights as

2  hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury on

3  or about February 9, 2009 and March 7, 2009, including, but not limited to, fatigue, stress, strain

4  and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and

5  through architectural barriers. Specifically, as a legal result of defendants negligence in the

6  design, construction and maintenance of the existing entrance, plaintiff suffered continuous,

7  repetitive and cumulative trauma to his upper extremities while attempting to gain entry.

8    76.    Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all

9  to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

10  Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the

11  Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean

12  "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by

13  statute, according to proof if deemed to be the prevailing party.

14  **PRAYER:**

15    Plaintiffs pray that this court award damages and provide relief as follows:

16  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
   PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

17  **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
   (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

18  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
   corporation, and Against Defendants YONG KEE COMPANY, INC., a California

19  corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive)
   (42 U.S.C. §12101, *et seq.*)

20    1.    For injunctive relief, compelling defendants YONG KEE COMPANY, INC., a

21  California corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive, to make the MIYOSHI

22  SUSHI & GRILL, located at 914 Clement Street, San Francisco, California, readily accessible to

23  and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable

24  modifications in policies, practice, eligibility criteria and procedures so as to afford full access to

25  the goods, services, facilities, privileges, advantages and accommodations being offered.

26    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

27  the prevailing party; and

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1       3.      For such other and further relief as the court may deem proper.

2   **II.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
            EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
3           AND 54.3, *ET SEO.*
            (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
4           EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
            corporation, and Against Defendants YONG KEE COMPANY, INC., a California
5           corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive)
            (California Civil Code §§54, 54.1, 54.3, *et seq.*)**
6
        1.      For injunctive relief, compelling defendants YONG KEE COMPANY, INC., a
7
    California corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive, to make the MIYOSHI
8
    SUSHI & GRILL, located at 914 Clement Street, San Francisco, California, readily accessible to
9
    and usable by individuals with disabilities, per state law.
10
        2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for
11
    each occasion on which plaintiffs were deterred from returning to the subject public
12
    accommodation.
13
        3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,
14
    if plaintiffs are deemed the prevailing party;
15
        4.      Treble damages pursuant to Civil Code §54.3;
16
        5.      General damages according to proof;
17
        6.      For all costs of suit;
18
        7.      Prejudgment interest pursuant to Civil Code §3291; and
19
        8.      Such other and further relief as the court may deem just and proper.
20
    **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
21          SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
            §19955, *ET. SEO.*
22          (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
            EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
23          corporation, and Against Defendants YONG KEE COMPANY, INC., a California
            corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive)
24          (Health & Safety code §19955, *et seq.*)**

25      1.      For injunctive relief, compelling defendants YONG KEE COMPANY, INC., a

26  California corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive, to make the MIYOSHI

27  SUSHI & GRILL, located at 914 Clement Street, San Francisco, California, readily accessible to

28  and usable by individuals with disabilities, per state law.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

1    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

2 alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3    3.    For all costs of suit;

4    4.    For prejudgment interest pursuant to Civil Code §3291;

5    5.    Such other and further relief as the court may deem just and proper.

6 **IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
**FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
7 **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
**CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
8    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
9    corporation and Against Defendants YONG KEE COMPANY, INC., a California
corporation, a.k.a. MIYOSHI SUSHI & GRILL, inclusive)
10    (California Civil Code §§51, 51.5, *et seq.*)

11    1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and

12 for each occasion on which plaintiffs were deterred from returning to the subject public

13 accommodation;

14    2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

15 prevailing party;

16    3.    General damages according to proof;

17    4.    Treble damages pursuant to Civil Code §52(a);

18    5.    For all costs of suit;

19    6.    Prejudgment interest pursuant to Civil Code §3291; and

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1    7.    Such other and further relief as the court may deem just and proper.

2

3    Dated: _5/6/09_ , 2009    THOMAS E. FRANKOVICH,
4                              *A PROFESSIONAL LAW CORPORATION*

5

6                              By:

7                              THOMAS E. FRANKOVICH
                               Attorneys for Plaintiffs CRAIG YATES and
8                              DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                               SERVICES: HELPING YOU HELP OTHERS, a California
9                              public benefit corporation

10

11                            **DEMAND FOR JURY TRIAL**

12    Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

13    Dated: _5/6/09_ , 2009    THOMAS E. FRANKOVICH,
14                              *A PROFESSIONAL LAW CORPORATION*

15

16                              By:

17                            THOMAS E. FRANKOVICH
                               Attorneys for Plaintiffs CRAIG YATES and
18                            DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                               SERVICES: HELPING YOU HELP OTHERS, a California
19                            public benefit corporation

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

Craig Yates
1004 Los Gamos Rd. Unit E
San Rafael, CA 94903

February 27, 2009

Manager
Miyoshi Sushi & Grill
914 Clement Street
San Francisco, CA 94118

Dear Manager of Miyoshi:

Recently, I visited Miyoshi. As I use a wheelchair, I had some problems. It's hard to get in through the entrance because there is not side space to angle a wheelchair. The slope in front of the entrance is also a problem. Then when I needed to use a restroom, I found that there was a lot of clutter getting to the restrooms. I couldn't use the men's restroom. Is the women's any better?

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Miyoshi is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Miyoshi once it's accessible to me. I may still come back before you do the work just because I like the food. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit E
San Rafael, CA 94903

February 27, 2009

Owner of the Building
Miyoshi Sushi & Grill
914 Clement Street
San Francisco, CA 94118

Dear Owner of Building for Miyoshi:

   Recently, I visited Miyoshi. As I use a wheelchair, I had some problems. It's hard to get in through the entrance because there is not side space to angle a wheelchair. The slope in front of the entrance is also a problem. Then when I needed to use a restroom, I found that there was a lot of clutter getting to the restrooms. I couldn't use the men's restroom. Is the women's any better?

   I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

   There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Miyoshi is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

   Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Miyoshi once it's accessible to me. I may still come back before you do the work just because I like the food. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

   It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates