1  THOMAS E. FRANKOVICH (State Bar #074414)
   THOMAS E. FRANKOVICH,
2  *A PROFESSIONAL LAW CORPORATION*
   4328 Redwood Hwy, Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff(s)
   CRAIG YATES, an individual; and
6  DISABILITY RIGHTS, ENFORCEMENT,
   EDUCATION, SERVICES:HELPING YOU[
7   HELP OTHERS, a California public benefit corporation,

8  NORMAN LEW (State Bar #33892)
   LEW, FONG, LEUNG, LEE & CHAN
9  *A PROFESSIONAL LAW CORPORATION*
   456 Montgomery Street, Suite 700
10 San Francisco, CA 94104-1240
   Telephone:  (415) 781-8251
11 Facsimile:  (415) 434-3748

12 Attorney's for Defendant(s)
   YONG KEE COMPANY, INC., a California corporation,
13  a.k.a. MIYOSHI SUSHI & GRILL

14
                    UNITED STATES DISTRICT COURT
15
                 NORTHERN DISTRICT OF CALIFORNIA
16
                                    CASE NO. CV-09-2290-JSW
17 CRAIG YATES, an individual; and      )
   DISABILITY RIGHTS, ENFORCEMENT,)
18 EDUCATION, SERVICES:HELPING     )
   YOU HELP OTHERS, a California public )   [Proposed] CONSENT DECREE
19 benefit corporation,                 )
                                        )
20         Plaintiffs,                  )
                                        )
21 v.                                   )
                                        )
22 YONG KEE COMPANY, INC., a            )
   California corporation, a.k.a. MIYOSHI )
23 SUSHI & GRILL,                       )
                                        )
24         Defendants.                  )
                                        )
25 _____

26      WHEREAS, plaintiffs' CRAIG YATES, an individual; and DISABILITY RIGHTS,

27 ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

28 public benefit corporation, on behalf of (himself/herself/themselves), has/have filed an action in

   CONSENT DECREE YATES V. YONG KEE COMPANY, INC.

1   the United States District Court, Northern District of California, alleging claims for damages and

2   injunctive relief under the California Health & Safety Code Sections 19955, *et seq.*, California

3   Civil Code Sections 51, 51.5 and 54, *et seq.*, and the Americans with Disabilities Act of 1990

4   (42 U.S.C. §12101, *et seq.*) arising out of plaintiffs' visit to the MIYOSHI SUSHI & GRILL,

5   on February 9, 2009, March 7, 2009, March 27, 2009 and April 10, 2009; and

6       WHEREAS, defendant YONG KEE COMPANY, INC., owns and operates MIYOSHI

7   SUSHI & GRILL located at 914 Clement Street, San Francisco, California; and

8       WHEREAS, plaintiff(s) CRAIG YATES and DISABILITY RIGHTS,

9   ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS and defendant

10  YONG KEE COMPANY, I NC., have agreed upon a settlement pursuant to which YONG KEE

11  COMPANY, INC., will perform certain remedial improvements at MIYOSHI SUSHI & GRILL

12  as a result of this litigation to provide access to disabled persons; and

13      WHEREAS, plaintiffs' CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,

14  EDUCATION, SERVICES: HELPING YOU HELP OTHERS and defendant YONG KEE

15  COMPANY, I NC., agree that the settlement of this claim is made in good faith and in an effort

16  to avoid expensive and protracted litigation, but without any admission or finding of liability or

17  fault as to any allegation or matter;

18      NOW, THEREFORE, it is ORDERED, ADJUDGED AND DECREED as follows:

19                  I. JURISDICTION

20      A.    The Court has jurisdiction over the subject matter of and the parties to this

21  Consent Decree pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

22  §122101, *et seq.*

23      B.    Defendant YONG KEE COMPANY, INC., does not contest and agrees not to

24  contest the Court's jurisdiction to enter into and enforce this Consent Decree..

25                  II. DENIAL OF LIABILITY

26      Defendant YONG KEE COMPANY, INC., deny(ies) any and all legal or equitable

27  liability under any federal, state or local statute, regulation or ordinance, or the common law, for

28  any damages or claims caused by or arising out of the MIYOSHI SUSHI & GRILL. By entering

CONSENT DECREE YATES V. YONG KEE COMPANY, INC.

1   into this Consent Decree, or by taking any action in accordance with it, defendant YONG KEE

2   COMPANY, INC., does not admit any allegations contained herein or in the complaint, nor does

3   defendant YONG KEE COMPANY, INC., admit any liability for any purpose or admit any issue

4   of law or fact or any responsibility for the alleged noncompliance of the MIYOSHI SUSHI &

5   GRILL with the Americans with Disabilities Act of 1990 (ADA), Americans with Disabilities

6   Act Accessibility Guidelines (ADAAG), Title 24 of the California Building Standards Code, or

7   any other state or federal building code or statute..

### III. PURPOSE

9        The purpose of this Consent Decree is to resolve amicably the existing dispute between

10   the parties hereto as to whether remedial improvements at the MIYOSHI SUSHI & GRILL are

11   necessary to provide access to persons with disabilities and to settle the claims asserted against

12   defendant YONG KEE COMPANY, INC., in the complaint filed in this matter.

### IV. BINDING EFFECT

14   A.   The undersigned representative of YONG KEE COMPANY, INC., certifies that

15   he/she is an officer or agent of Defendant YONG KEE COMPANY, INC., and is fully authorized

16   to enter into the terms and conditions of this Decree and that he or she is fully authorized to

17   execute this document and legally bind YONG KEE COMPANY, INC., to the provisions of this

18   Decree.

19   B.   The undersigned plaintiff's certify that they are fully authorized to enter into the

20   terms and conditions of this Decree and that they have not assigned, transferred or purported to

21   assign or transfer, to any person or entity any claim or other matter which is the subject of this

22   Decree.

### VI. WORK TO BE PERFORMED

24   . A.   In general, YONG KEE COMPANY, INC., shall make MIYOSHI SUSHI &

25   GRILL accessible to persons with disabilities in accordance with the "Readily Achievable"

26   standard under 28CFR part 36 in conjunction with ADAAG

27   B.   Specifically, Defendants YONG KEE COMPANY, INC.,shall undertake remedial

28   measures as set forth in the "MIYOSHI SUSHI & GRILL Remedial Repair List" attached as

CONSENT DECREE YATES V. YONG KEE COMPANY, INC.

1    Exhibit "A" to make the following elements of the MIYOSHI SUSHI & GRILL accessible,

2    which constitutes the removal of architectural barriers as referred to in the ADA 28CFR part36

3    and ADAAG, to persons with disabilities, including:

4            1.      Provide directional signage to show accessible routes of travel, i.e.

5                  entrances;

6            2.      Provide an accessible entrance due to slope and narrow entry doors;

7            3.      Provide a handicapped-accessible women's public restroom; and

8            4.      Provide a handicapped-accessible men's public restroom;

9       C.      The work to be performed pursuant to this Consent decree shall be completed by

10    October 30, 2011.

11       D.      The remedial work set forth herein meets the "readily achievable" standard of the

12    Americans with Disabilities Act of 1990.

### VII.   MODIFICATION

14       There shall be no modification of this Consent Decree without written approval of both

15    parties hereto.

### VIII.   EFFECTIVE DATE

17       This Consent Decree is effective upon the date of its entry by the Court.

### IX.   CONTINUING JURISDICTION

19       The Court specifically retains jurisdiction over both the subject matter of and the parties

20    to this action for the duration of this Consent Decree for the purpose of issuing such further

21    orders or directions as may be necessary or appropriate to construe, implement, modify, enforce,

22    terminate, or reinstate the terms of this Consent Decree, including but not limited to attorneys'

23    fees, costs and litigation expenses incurred in enforcing this Agreement, or for any further relief

24    as the interest of justice may require.

25    ///

26    ///

27    ///

28

CONSENT DECREE YATES V. YONG KEB COMPANY, INC.

4

## X. TERMINATION AND SATISFACTION

A.     Upon defendant YONG KEE COMPANY, INC., completion of the work to be performed, as specified, pursuant to this Consent Decree on October 30, 2011, whichever occurs earlier, the Court's jurisdiction of this matter shall terminate unless the parties show good cause for the continuance of this Consent Decree.

The undersigned hereby consent to the foregoing Consent Decree.

For Defendant YONG KEE COMPANY, INC.,

Dated: 12/16/09

_____
NAME OF OFFICER - (Signature)

LAWRENCE HONG
_____
PRINTED NAME

TITLE  Supervisor
_____

For Plaintiff CRAIG YATES

Dated: _____

_____
CRAIG YATES

For Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS

Dated: _____

_____
PATRICK CONNALLY - President

## ORDER

IT IS SO ORDERED.

Dated: _____

_____
Honorable Jeffary S. White
United States District Court Judge

CONSENT DECREE YATES V. YONG KEE COMPANY, INC.

5

## X. TERMINATION AND SATISFACTION

A.      Upon defendant YONG KEE COMPANY, INC., completion of the work to be performed, as specified, pursuant to this Consent Decree on April 30, 2010, whichever occurs earlier, the Court's jurisdiction of this matter shall terminate unless the parties show good cause for the continuance of this Consent Decree.

The undersigned hereby consent to the foregoing Consent Decree.

For Defendant YONG KEE COMPANY, INC.,

Dated: _____

NAME OF OFFICER - (Signature) _____

PRINTED NAME _____

TITLE _____

For Plaintiff CRAIG YATES

Dated: 2/1/2010

CRAIG YATES

For Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS and defendant FOLEY ESTATES VINEYARD :

Dated: 2/1/2010

PATRICK CONNALLY - President

## ORDER

IT IS SO ORDERED. *Plaintiffs shall serve a copy of this Order on Defendant.*

Dated: NOV 0 9 2010

Honorable Jeffery S. White
United States District Court Judge

CONSENT DECREE YATES V. YONG KEE COMPANY, INC.

5